**FILED**

MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court, For The District Of Columbia

Charles Davis Burrell,
1220 L Street, NW, Suite #100-484,
Washington, DC. 20005-4018,
(804)-484-4532(Cell)

**VS**

Case: 1:07-cv-00563
Assigned To : Friedman, Paul L.
Assign. Date : 3/21/2007
Description: Burrell v. Cty of Henrico

(1) County Of Henrico, Virginia,
4301 East Parham Road, Richmond, Va. 23223.

(2) Police Officer T.M. Alphin, 4301 East Parham Road,
Richmond, Va. 23223.

## Complaint

Comes Now Charles Davis Burrell, before this <u>Great</u> Court, and herein makes his '<u>complaint</u>', that Police Officer T.M. Alphin, on 21 March 05, '<u>violated</u>' plaintiff's '<u>protected</u>' civil-rights, found 'deeply-embeded', within the 'scope and perview', of Va. Code Sections <u>19.2-74</u>, <u>46.2-936</u>, U.S. Constitutional Amendments #4, and #14, as well as the Virginia Constitutional '<u>Article I, Section 11</u>'   'Due-Process' Protections, and states, as follows:

**2.**

# **Complaint (Continued)**

## **Cause of Action/Factual-Background**

1. On 21 March 05, and, at approximately 1:23 P.M., Plaintiff began driving to an 'Official Inspection Station', for the 'pre-arranged' 'inspection', of plaintiff's automobile, in-accordance with Virginia Law!

2. Approximately 5-minutes into the trip, the plaintiff was 'stopped', by Police Officer T.M. Alphin.

3. Officer Alphin then asked Plaintiff why he was operating his vehicle, with an expired 'inspection-sticker'.

4. Plaintiff then explained that he had, within the 'last half-hour', made an appointment, with his mechanic, to 'inspect' the car, immediately, and that plaintiff had just returned, from a trip, to the U.S. Virgin Islands, with one of 'Jennifer Lopez's' cousins, during-which-time, the 'inspection sticker' had expired!

**3.**

5. Officer Alphin then requested to see plaintiff's driver's license, and plaintiff **complied.**

6. Officer Alphin then walked back to his 'patrol car', to complete a **'10-series'** check, on the instant plaintiff's driver's license, and car registration.

7. Plaintiff remained seated, in his car, and, in a **'non-threatening'** manner, with both hands, in **'plain-view'!**

8. After approximately 3-minutes, Officer Alphin returned, to Plaintiff's car, and asked Plaintiff, if Plaintiff had his gun, in the car, at that time!

9. Plaintiff answered, in the **'affirmative'!**

10. Officer Alphin then **'ordered'** Plaintiff to **'get-out'**, of the car, and, **'to-stand'**, on the adjacent sidewalk, **until** he could locate plaintiff's firearm.

11. Plaintiff consistently **'refused'** permission, for the **'illegal-search'**; but officer Alphin proceeded, with the search, nevertheless!

12. Finally, after about one-minute, or so, Officer Alphin located Plaintiff's .357 magnum(Smith & Weston) handgun, under the seat, of Plaintiff's automobile!

13. And, after **'illegally-seizing'** Plaintiff's weapon, in-violation , of Plaintiff's **'4th & 14th** Amendment Rights'**, Officer Alphin then took the weapon, back to his 'police-cruiser', and, kept the gun, with him, and, in **'his possession'**, until **'after'** he had finished **'writing-the-summons'**, for an **'expired-inspection-sticker'!**

4.

14. The Plaintiff was '<u>Forced</u>', by Officer Alphin, to '<u>relinquish</u>' his 'firearm', '<u>in-violation</u>', of Plaintiff's U.S. Constitutional '<u>Right-to-Bear-Arms</u>', and Va. Code Section 19.2-74, and, to stand, away-from-his-car, and, on the adjacent-sidewalk, while suffering '<u>great-humiliation</u>', with '<u>loss-of-reputation</u>, <u>in-his-community</u>', after being treated, '<u>like-a-common-criminal</u>', by Officer Alphin, on 21 March 05, and, all, because of the '<u>fact</u>', that, the Plaintiff is an "<u>Un-important-Black-Man</u>"!!!

## "<u>Improper-Search</u>", In-Violation, of Virginia Code Section 19.2-74, and U.S. Constitutional Amendments #4 and #14

15. The Virginia General Assembly '<u>clearly</u>' expressed it's '<u>preference</u>', for the '<u>issuance-of-a-summons</u>', in-lieu, of an 'arrest-warrant', for most 'misdemeanor' cases, by enacting Section 19.2-74, and 46.2-936!

Consequently, Section 19.2-74 '<u>Specifically</u>' provides, in 'pertinent-part', as follows:

"...Whenever any person is detained, by, or, is in the custody, of an arresting-officer, for any violation, committed, in such officer's presence, which offense, is a violation, of any county, city, or town-ordinance, or, of any provision, of this Code, punishable, as a class-1, or class-2 misdemeanor, or, any other misdemeanor, for which, he may receive a jail-sentence, except, as otherwise-provided, in Title 46.2...the '<u>arresting-officer</u>' '<u>shall</u>' (1) take the name, and address, of such person, and (2) '<u>issue-a-summons</u>', or otherwise notify him, in writing, to appear, at a time, and place, to be specified, in such summons, or notice. Upon the giving, by such person, of his written-promise, to appear, at such time, and place, the officer '<u>shall-forthwith</u>' release him, from custody...".!

5.

(A)  In the instant matter, Officer Alphin, with  "No-Probable-Cause", held the Plaintiff, "Under-Detention", and "Arrest", while he "Illegally-Searched" Plaintiff's car, for Plaintiff's gun, even-though, there was 'no-evidence', or 'reasonable-belief', that the Plaintiff represented a 'threat', to-the-officer, himself, or any other person, or property, 'in-violation', of the 4th Amendment!

(B)  Officer Alphin had no 'reasonable-belief', that Plaintiff would not appear, in-court, on the date, that Plaintiff promised, to appear! Thus, there was no 'probable-cause', to 'arrest' Plaintiff, by 'forcing' Plaintiff, to 'stand', on the adjacent sidewalk, and away, from Plaintiff's car, while he 'illegally' searched Plaintiff's car, 'without-permission'!

(C)  After-all, Plaintiff had 'ceased', and 'discontinued', the 'unlawful-act', in-question, in-accordance, with the mandates, found 'deeply-embedded', within the 'scope and perveiw', of Va. Code Sections 19.2-74, and 46.2-936, and, had exhibited 'no-threat', to Officer Alphin; nor had the "DMV" '10-series' check, 'notified' Officer Alphin, of any 'potential-threat', that Plaintiff posed, to him!

(D)  In the instant matter, an 'expired-sticker' does not, by-itself, provide an 'exception', under which, Officer Alphin would have been granted the 'authorization', to 'arrest', and, to 'search' Plaintiff, as he did.

(E)  Thus, in the instant case, Officer Alphin 'exceeded', by-far, the 'limitations', placed-upon him, by 'procedural-retraints', found 'deeply-embedded', within the 'scope and perveiw', of Va. Code Sections 19.2-74, and 46.2-936!

(F)  And, in doing-so, Officer Alphin 'Violated', "Under the Color, of State-Law", Plaintiff's "Civil-Rights", pursuant to Section 42/1983, the U. S. Constitutional "4th", and "14th" Amendments, as well as the Virginia Constitutional "Article I, Section 11". (See Rhodes v. Commonwealth, at 29 Va. App., at 641, 646, and, at 513 S.E. 2d., at 904, 906(1999)), along with, West v. Commonwealth, 36 Va. App., at 237, 242, and also at 549 S.E. 2d., at 605, 607(2001).

6.

# Law And Argument

1.  Virginia Codes Sections 19.2-74, and 46.2-936 'mandate', that, "...the arresting-officer 'shall' issue-a-summons, '...and release him forthwith, from custody...', in the 'absence', of an 'express-exception', to the statutes, or, a 'reasonable-belief', that, the person arrested, will 'fail', to appear, in-court, on his, or, her 'promise'...(to-do-so)...,or, 'fails', to 'discontinue', the 'unlawful-act'...!

2.  However, to-the-contrary, in the instant matter, Officer Alphin decided, after discovering, that Plaintiff was 'in-possession', of a 'Concealed-Weapons-Permit', via, the 'DMV' 10-series check,  to convert the 'simple' 'traffic-stop', into a 'Full-Custodial-Arrest', while he 'Illegally-Searched' Plaintiff's car, in-order to 'Illegally-Seize', Plaintiff's '357-magnum', from under Plaintiff's car-seat, resulting in a 'clear-violation', of Plaintiff's Fourth, and Fourteenth Amendment Rights, as well as Virginia's  Article I, Section 11, 'due-process' protections!!!

3.  Plaintiff's actions, while driving, on  'expired-inspection-sticker', did 'not' fall, under any 'exception', within Virginia-Law, which, would have given Officer Alphin, the "Authority" to institute a "Full-Custodial-Arrest",  of the instant Plaintiff!!!

4.  Plaintiff had already pulled-over, and, had 'ceased', the 'unlawful-activity', even before, Officer Alphin approached the Plaintiff's car!

5.  Furthermore, Officer Alphin never obtained any information, which would-have even 'remotely-suggested', that the instant Plaintiff, would not have 'appeared' in-court', upon Plaintiff's 'promise', to-do-so!

7.

6. Consequently, in <u>Knowles v. Iowa</u>, 525 U.S. , at 113(1998), our <u>United States Supreme Court 'declined'</u>, to <u>'expand'</u>, the <u>'search'</u>, incident-to, <u>'arrest-exception'</u>, to the Fourth Amendment <u>'prohibition'</u>, against <u>'warrantless-searches'</u>, and <u>'seizures'</u>! Virginia Code Section 46.2-937 <u>'specifically-directs'</u>, that "...for purposes, of <u>'arrest'</u>, <u>'traffic-infractions'</u>, <u>'shall'</u>, be-treated, as, <u>'misdemeanors'...</u>)! Therefore, Plaintiff should <u>not</u> have been <u>'arrested and searched'</u>; and, should <u>not</u> have had his gun <u>'seized'</u>, by Officer Alphin, 21 March 05,  Id, at 488.(See also <u>Lovelace V. Commonwealth</u>, 258 Va., at 588, and 596, as well as 522 S.E. 2d., at 856, and 860(1999).

7. <u>Absent</u> the two above-cited <u>"historical-rationales"</u>, for <u>'exception'</u>, in a specific situation, relating to (a) '...the <u>need</u> to preserve evidence, for later use, at-trial...', or, (b) '...the <u>need</u>, to <u>disarm</u> the suspect, in-order to take him into custody...', Officer Alphin had no <u>'probable-cause'</u>, to <u>'arrest'</u>, or , to institute a <u>"...full, field-type search..."</u>, of the instant Plaintiff, on 21 March 05,(Again, see <u>Rhodes v. Commonwealth, et al.</u>)! Plaintiff did <u>not</u> 'need' to be <u>'disarmed</u>; and, at the same time, Plaintiff had the Constitutional <u>'Right'</u>, to <u>'Bear-Arms'</u>!

8. Police Officer Alphin, in the instant matter, conducted himself, '...under the preference, for the issuance, of a summons...', when he was informed, by the Virginia Division, of motor Vehicles, via a '10-series' check, that Plaintiff had a <u>'Concealed-Weapons-Permit'</u>!

9. However, that information, should <u>not</u> have, alone, created any <u>'particularized-concern'</u>, about Plaintiff's weapon, or <u>'Concealed-Weapons-Permit'</u>, since Plaintiff is a <u>'law-abiding-citizen'</u>, with <u>'no-record'</u>.! Thus, Officer Alphin was <u>not</u> 'authorized', to conduct, a "...full-search, incident to the arrest, by-summons, or citation..."(See <u>Farrow v. Commonwealth</u>, at 31 Va., App., at 517, 520-21, and, at 525 S.E. 2d., at 11, and 13(2000).

10. <u>Only</u>, if this Appellant had (1)'...<u>failed, or refused, to discontinue</u>(the act)...', of driving, on an <u>'expired-sticker'</u>, or, had (2)'...<u>refused-to-promise</u>...', to appear, in-court, on the scheduled-date, could Officer Alphin have '...<u>effected-a-full</u>

8.

-custodial-arrest...', upon Plaintiff, and, have '...searched...',  the Plaintiff's car, with '...Qualified-Immunity...'!!!(See 'Lovelace' ,  258 Va., at 596, or,  522 S.E. 2d., at 860)!!!

# Conclusion

1.  During the 'traffic-stop', of the case, at-bar, Officer Alphin, at 'no-point', had **any** reason, or 'probable-cause', to conduct a 'custodial-arrest' upon the Plaintiff, nor, to 'search' the instant Plaintiff's car, 'in-violation' , of Plaintiff's 'Protected-Constitutional-Rights', under the 'Fourth', and 'Fourteenth' U.S. Constitutional Amendments, as well as under 'Article I, Section 11' , of the Virginia Constitution(See "Rhodes", at 646)!

2.  Neither did Officer Alphin have **any** reason, or 'Probable-Cause', to believe, that, the instant Plaintiff, was **not** going to appear, in-court, on-his-promise!

3.  Nor, did Officer Alphin possess **any** information, that would have lead him, to believe, that, Plaintiff was a 'threat', to himself, or, to anyone else! And thus, 'safety', of the Officer, was **not** 'paramount', in the instant case!(Again, see "Rhodes", at 646)!

4. And **clearly**, Plaintiff had **not** 'refused', to 'discontinue', the 'unlawful-act', of driving, with an 'expired-inspection-sticker', after being 'parked', on the side, of the road, by-order, of Officer Alphin!

5. Simply having a weapon, and a 'Concealed-Weapons-Permit', did **not** 'raise-any-concerns', about the officer's 'safety'!

6. Therefore, Plaintiff should 'not' have been 'subjected-to-detention', and 'illegal-search', arbitrarily, or, for any other 'unsound-reason', without 'probable-cause', as a result, of the simple  traffic-violation! Surely, plaintiff's "Race", was a 'Main-Factor', effecting  Officer Alphin's decision, to 'Arrest', and 'Detain' Plaintiff!

7. Thus, the 'search', and 'seizure', was "unreasonable", under the "Fourth", and "Fourteenth Amendments", to the U.S. Constitution, pursuant to

Section 42/1983, as well as, the Virginia State Constitution, Article I, Section 11.

# Relief Requested

Wherefore, in-light, of the Plaintiff's sustaining, of 'Severe-Emotional-Distress', with , 'Loss-of-Reputation', and 'Standing', in-his-community, which was 'Proximately-Caused', by Defendants' 'Gross-Negligence', 'Wanton-Malice', 'Reckless-Abandonment', and, 'Complete-Disregard', 'Under-the-Color, of State-Law', for Plaintiff's 'Protected-Rights', under the U.S Constitutional '4th', and '14th' Amendments, and Virginia's State Constitutional 'Article I, Section 11', pursuant to Va. Code Section 19.2-74, et al, as amended, Plaintiff herein moves that this Great Court, issue an 'Order', awarding Plaintiff 'Nominal', 'Compensatory', and 'Punitive-Damages', and, in the amount of $1,000,000.00(One-Million Dollars), pursuant to mandates found 'deeply-embedded', within the scope, and perview, of Section 42/1983, and 28 U.S.C./ 1343(3)!!!(See Monroe v. Pape, at 365 U.S. 167, 187, 192, at 81 S.Ct., 473, and, at 5 L.Ed., 492(1961).

## Trial-By-Jury is Demanded!!!

Sincerely Submitted By,

*Charles D. Burrell*

Charles Davis Burrell,
1220 L Street, NW, Suite 100-484,
Washington, DC 20005-4018
(804)-484-4532(Cell)
(202)-371-0416(Fax)

07 563
PLF

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Burrell, Charles Davis

**DEFENDANTS** ① County of Henrico ② T. M. Alphin Henrico

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

Caroline

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Henrico
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

N/A (pro-se)

Case: 1:07-cv-00563
Assigned To : Friedman, Paul L.
Assign. Date : 3/21/2007
Description: Burrell v. Cty of Henrico

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State VA. | ☐ 4 | ☒4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☒ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☒ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

<table>
<tr><td><strong>G. Habeas Corpus/ 2255</strong><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence</td><td><strong>H. Employment Discrimination</strong><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)*</td><td><strong>I. FOIA/PRIVACY ACT</strong><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)*</td><td><strong>J. Student Loan</strong><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans)</td></tr>
<tr><td><strong>K. Labor/ERISA (non-employment)</strong><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act</td><td><strong>L. Other Civil Rights (non-employment)</strong><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>☒ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other</td><td><strong>M. Contract</strong><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise</td><td><strong>N. Three-Judge Court</strong><br>□ 441 Civil Rights-Voting (if Voting Rights Act)</td></tr>
</table>

**V. ORIGIN**
☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
*VA Code 19.2-74, unauthorized "Custodial Arrest, by Officer T.M. Alphin.*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 □  DEMAND $ *$1,000,000.00*  Check YES only if demanded in complaint JURY DEMAND: ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  □ YES □ NO  If yes, please complete related case form. *N/A*

DATE *21 March 07*  SIGNATURE OF ATTORNEY OF RECORD *Charles D. Burrell (Pro Se) (non-Attorney)*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd