IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES DAVIS BURRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-00563 |
| | ) |
| COUNTY OF HENRICO, VIRGINIA | ) |
| 4301 E. Parham Road | ) |
| Richmond, Virginia 23228 | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER T. M. ALPHIN, | ) |
| 4301 E. Parham Road | ) |
| Richmond, Virginia 23228 | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants County of Henrico, Virginia and Officer T. M. Alphin (collectively, "Henrico Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(3), move this Court to dismiss the plaintiff's civil action for improper venue or, in the alternative, to transfer the action to the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1406(a) for the reasons stated in their accompanying Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, In The Alternative, to Transfer Venue.

COUNTY OF HENRICO, VIRGINIA and
OFFICER T. M. ALPHIN

By: _____
             Counsel

Joseph P. Rapisarda, Jr., Esq.
  County Attorney
Annie Kim, Esq.
W. David Kazzie, Esq.
  Assistant County Attorneys
Henrico County Attorney's Office
P. O. Box 27032
Richmond, Virginia 23273
Telephone:   (804) 501-4342
Facsimile:    (804) 501-4140
*Counsel for the Henrico Defendants*

COUNTY OF HENRICO, VIRGINIA and
POLICE OFFICER T. M. ALPHIN

By: _____
                        Counsel

Sharon E. Pandak, Esq. (D.C. Bar # 312330)
Greehan, Taves, Pandak & Stoner, PLLC
4004 Genesee Place, Suite 201
Woodbridge, Virginia 22192
Telephone:   (703) 680-5543
Facsimile:    (703) 680-5549
*Local Counsel for the Defendants*

## CERTIFICATE PURSUANT TO LCvR 7(m)

I certify that I have conferred by telephone with the plaintiff *pro se* in a good faith effort to determine whether there is any opposition to the relief sought pursuant to Local Civil Rule 7(m). and that plaintiff has informed me that he does oppose this relief.

_____
                        Counsel

## CERTIFICATE OF SERVICE

I certify that on this ____ day of April, 2007, I caused a true copy of this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, In the Alternative, to Transfer Venue to be sent by first-class mail, postage prepaid, to Charles Davis Burrell, Plaintiff *pro se*, at 1220 L. Street, N.W., Suite 100-484, Washington, D.C. 20005-4018 and P.O. Box 75, South Boston, Virginia, 24592.

_____
                        Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES DAVIS BURRELL,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 1:07-CV-00563 |
| **COUNTY OF HENRICO, VIRGINIA**<br>**4301 E. Parham Road**<br>**Richmond, Virginia 23228** | ) |
| and | ) |
| **POLICE OFFICER T. M. ALPHIN,**<br>**4301 E. Parham Road**<br>**Richmond, Virginia 23228** | ) |
| **Defendants.** | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants County of Henrico ("County") and Officer T. M. Alphin ("Officer Alphin") (collectively, "Henrico Defendants"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(3), hereby file this Brief in support of their Motion.

### INTRODUCTION

One day after filing a substantially similar complaint in the Circuit Court of Henrico County, Plaintiff Charles Davis Burrell ("Burrell") filed the present action in this Court. As evidenced by his Complaint, venue is improper in the District of Columbia under the applicable statute, 28 U.S.C. §1391(b). Plaintiff's claims for unlawful search and seizure arise from a single traffic stop conducted by Officer Alphin in Henrico County, Virginia on March 21, 2005. The Complaint appears to assert a claim under the Fourth and Fourteenth Amendments of the United States Constitution, actionable under 42 U.S.C. §1983; a claim under the Virginia

Constitution, Article I, Section 11; and assorted theories of recovery under Virginia Code §§19.2-74 and 46.2-936 and Virginia tort law.

Although venue for the entire action is proper in the Eastern District of Virginia, Richmond Division, no basis exists for venue in this Court. Rather than transferring the case to the Eastern District under 28 U.S.C. §1406(a), however, this Court should dismiss it based on the exceptional circumstances presented. In 2003, the Eastern District entered an order sanctioning Burrell under Fed. R. Civ. P. 11 and enjoining him from filing any new civil action absent the prior permission of the court, due to his practice of filing "numerous lawsuits in this Court against various defendants over the last several years." A copy of this order is attached as Exhibit "1." Burrell's pending action in state court, filed prior to this action, is nearly identical. The interest of justice does not, therefore, support the transfer of this action and the Henrico Defendants respectfully request a dismissal.

## ARGUMENT

### I. VENUE IS IMPROPER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Venue is not proper in this Court under the governing provisions of 28 U.S.C. §1391(b). Given that federal question jurisdiction exists for the 42 U.S.C. §1983 claim pursuant to 28 U.S.C. §1331, and pendent jurisdiction over the state claim or claims is appropriate under 28 U.S.C. §1367(a), the venue for this case is considered an action "not founded solely on diversity of citizenship" under 28 U.S.C. §1391(b).[1] This action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial

2

district in which any defendant may be found, if there is no district in which the action may otherwise be brought." None of the three bases creates venue in this Court.

**A.     Venue is Improper Under 28 U.S.C. §1391(b)(1)**

Despite Burrell's failure to allege any facts establishing the defendants' residence in the District of Columbia, it is clear from what he has alleged that the District is not a judicial district where "any defendant resides," much less one where "all defendants reside." Plainly, the County of Henrico, Virginia does not reside in the District of Columbia. Indeed, the caption to the Complaint correctly provides the street address for the principal offices of Henrico County as 4301 East Parham Road, Richmond, Virginia 23223. The caption also lists this address for service on Officer Alphin. Regardless of where Officer Alphin resides, however, venue cannot be laid in the District of Columbia under subsection (1) because the County does not reside there.

**B.     Venue is Improper Under 28 U.S.C. §1391(b)(2)**

This judicial district is not, moreover, one in which a "substantial part of the events or omissions giving rise to the claim" or a "substantial part of property that is the subject of the action" is situated. Again, as with residence, the Complaint fails to allege any facts to establish that the traffic stop occurred in the District of Columbia. As this Court stated in James v. Booz-Allen & Hamilton, 227 F. Supp. 2d 16, 20 (D.D.C. 2002), "[c]ourts can determine venue by applying a 'commonsense appraisal' of events having operative significance." (Citing Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)). The traffic stop giving rise to the Complaint took place in Henrico County and was initiated by a member of the County's Division of Police.

Although Burrell never specifically identifies in his Complaint the location of the traffic stop, the only reasonable inference is that it occurred in Henrico County. In paragraph 1 of the

---

[1] Even if federal question jurisdiction did not exist, venue would be improper under diversity of citizenship analysis in 28 U.S.C. §1391(a), for the reasons discussed in Section I(A)-(C) of this brief.

3

"Cause of Action/Factual-Background" section, Burrell alleges that he was driving to an automobile service station for a state inspection "in-accordance with Virginia law!" In paragraph 14, he alleges that Officer Alphin forced him to relinquish his handgun in violation of Virginia Code §19.2-74. Furthermore, in paragraph 15, he alleges that he was arrested unlawfully for a state inspection violation and cites the Virginia Constitution and Virginia Code §§19.2-74 and 46.2-936 as the laws governing that seizure. Burrell also alleges in section (F) of that paragraph that Officer Alphin violated his federal constitutional rights "Under the Color, of State-Law" pursuant to 42 U.S.C. §1983.

Thus, even when drawing all reasonable inferences in favor of the plaintiff, as this Court must, it is clear from the Complaint that the traffic stop did not occur in the District of Columbia. Given that this is an action based on an allegedly unlawful, but temporary, seizure of Burrell's weapon, there is no "property that is the subject of the action." Accordingly, venue in this Court cannot be premised on §1391(b)(2).

### C.    Venue is Improper Under 28 U.S.C. §1391(b)(3)

Finally, subsection (3) of 28 U.S.C. §1391(b) does not apply because the District of Columbia is not a judicial district where any defendant may be found if there is no district in which the action may otherwise be brought. There is a district in which the case "may otherwise be brought" – the Eastern District of Virginia, Richmond Division. Clearly, then, none of the three provisions under 28 U.S.C. §1391(b) permits venue to be laid in the District of Columbia.

## II.    DISMISSAL, RATHER THAN TRANSFER, IS FAVORED UNDER FED. R. CIV. P. 12(B)(3)

Following 28 U.S.C. § 1406(a), courts generally must transfer, rather than dismiss, a case to a proper district if that would serve "the interest of justice." See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); Neubrech v. American Nat'l. Red Cross, No. 04-0995, 2005 U.S. Dist.

4

LEXIS, *5 (D.D.C. March 2, 2005). In this case, however, dismissal is the proper remedy. After filing a complaint in the Circuit Court of Henrico County, based on the same incident and almost identically alleged facts and legal theories, Burrell filed suit in this Court although he lacked any ground for venue. Burrell presumably knew that the Eastern District's standing order enjoined him from filing there without prior approval and subject to certain restrictions. His forum shopping should not, then, be rewarded by a transfer to the very district that found it necessary to restrict Burrell from filing frivolous lawsuits.

Under such circumstances, dismissal pursuant to Fed R. Civ. P. 12(b)(3) has precedent. In King v. Russell, 963 F.2d 1301 (9th Cir. 1992), the plaintiff alleged in the District of Arizona that a bank and a host of federal, state and local officials had caused her injuries arising out of a foreclosure of her home. The Ninth Circuit affirmed the Arizona district court's dismissal of the case " 'because of the fact that the action smacks of harassment and bad faith on the plaintiff's part in that it appears that she filed it here after repeatedly losing on at least some similar claims in California' " and because plaintiff had expressed no interest in transfer. 963 F.2d at 1304. See also Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) (holding that "[j]ustice would not have been served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.").

Although the Henrico Defendants are contemplating a removal of the state action to the Eastern District of Virginia on the possibility that they may have to defend suits in two different courts, they would strongly urge this Court to dismiss the action altogether and obviate the need for removal. The interests of justice are not served by taxing the resources of the federal judiciary with an action which was filed previously in state court and may be litigated efficiently there.

5

## CONCLUSION

For all of the foregoing reasons, as well as those that may be raised at any hearing of this motion, the Henrico Defendants respectfully request that this Court dismiss Burrell's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because venue is not proper in the District of Columbia and because the interest of justice does not require transfer to any other forum. In the alternative, they move this Court to transfer the action to the Eastern District of Virginia, Richmond Division in accordance with 28 U.S.C. §1406(a).

**COUNTY OF HENRICO, VIRGINIA and OFFICER T. M. ALPHIN**

By: _____
　　　　　　Counsel

Joseph P. Rapisarda, Jr., Esq.
　County Attorney
Annie Kim, Esq.
W. David Kazzie, Esq.
　Assistant County Attorneys
County of Henrico
P. O. Box 27032
Richmond, Virginia 23273-7032
Phone: 804-501-4342
Fax: 804-501-4140
*Counsel for the Henrico Defendants*

**COUNTY OF HENRICO, VIRGINIA and POLICE OFFICER T. M. ALPHIN**

By: _____
　　　　　　Counsel

Sharon E. Pandak, Esq. (D.C. Bar # 312330)
Greehan, Taves, Pandak & Stoner, PLLC
4004 Genesee Place, Suite 201
Woodbridge, Virginia 22192
Telephone:　(703) 680-5543
Facsimile:　(703) 680-5549
*Local Counsel for the Henrico Defendants*

6

## CERTIFICATE OF SERVICE

I certify that on this 10th day of April, 2007, I caused a true copy of this Brief in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) or, In the Alternative, to Transfer Venue to be sent by first-class mail, postage prepaid, to Charles Davis Burrell, Plaintiff *pro se*, at 1220 L Street, N.W., Suite 100-484, Washington, D.C. 20005-4018 and P.O. Box 75, South Boston, Virginia, 24592.

_____
Counsel

7

# Exhibit 1

(Order dated 5-9-03, in the United States District Court for the Eastern District of Virginia, Richmond Division, Civil No. 3:03 CV198)

to

Defendants' Brief in Support of Motion to Dismiss Pursuant to Fed R.Civ.P. 12(B)(3) or, in the Alternative, to Transfer Venue

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHARLES DAVIS BURRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:03CV198 |
| ) | |
| C.J. JACKSON, ) | |
| ) | |
| Defendant. ) | |

FILED MAY - 9 2003
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

### ORDER

This matter is before the Court for Plaintiff CHARLES DAVIS BURRELL ("Mr. Burrell") to show cause why sanctions should not be imposed against him for filing a frivolous complaint in violation of Rule 11 of the Federal Rules of Civil Procedure. In response to the Court's Rule to Show Cause, Mr. Burrell submitted a memorandum stating why sanctions should not be imposed. The memorandum and Mr. Burrell's argument to the Court at the show cause hearing have been considered by the Court in making its determination.

The Court takes judicial notice of the fact that Mr. Burrell has initiated numerous lawsuits in this Court against various defendants over the last several years. The frequency of the filings, the lack of merit to any of the claims, and the derogatory remarks directed at the opposing parties constitute an abuse of the legal system. In this particular case, there is a clear violation of Rule 11 because Mr. Burrell's claims are not warranted by existing law. Sanctions are certainly appropriate to deter such frivolous, repetitious, and vexatious litigation.

Accordingly, the Court hereby ENJOINS Charles D. Burrell from filing any civil suit in this Court without prior review and approval of the Court. In seeking leave to file, Mr. Burrell must certify that the claim or claims he wishes to present are new claims never before raised and



disposed of on the merits by this Court. He must also certify that the claim or claims are not frivolous, malicious, or taken in bad faith.

Furthermore, any future filings must be submitted to this Court one at a time. Should Mr. Burrell obtain approval to file a suit in this Court, absent an emergency, he may not maintain more than one action at a time in this Court. Mr. Burrell is free at any time to dismiss a pending Complaint in order to expedite any new claim that he may wish the Court to consider. All terms of this injunction are prospective in nature.

The Clerk is DIRECTED TO REFUSE to accept any submission, of any kind, from Mr. Burrell that would violate the terms of this Order. The Clerk is further directed to send a copy of this Order to all counsel of record and all unrepresented parties.

It is so Ordered.

/s/
United States District Judge

Date: May 9 2003
Richmond, VA