# In The United States District Court, For The District of Columbia

**Charles Davis Burrell, Plaintiff,**

v.

(1) County of Henrico, Virginia,
(2) Police Officer T.M. Alphin, Defendants.

RECEIVED
MAY 2 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action #<u>07-0563</u>.PLF

## <u>Response, In-Opposition, to Defendants' "Motion to Dismiss"</u>

  Comes now, Charles Davis Burrell, and, herein, propounds his '<u>Response</u>', and, states, as follows:

(1) This <u>Great</u> Court has '<u>Federal Question</u>' jurisdiction, over the instant matter, pursuant to 28 U.S.C. / 1331.

(2) Consequently, this <u>Great</u> Court should <u>not</u> '…refuse to exercise jurisdiction over <u>Civil-Rights</u> complaint, <u>merely-because</u>, another tribunal, <u>also</u>, has jurisdiction, to investigate, violations, of State-Law, arising from the <u>same-facts</u>…'!(See <u>White v. Walnut Hill Telephone</u>

2.

Company, D.C., Ark., 1979, at 84 F.R.D., at 138).

3. 'Dismissal' of the instant action would not be '…in the interest of the furtherance-of-justice…', because of the fact that Police Officer Alphin has 'clearly-violated' Federal, and State 'Due-Process' laws, by his 'Wanton', 'Reckless', and 'Negligent-Disregard', for the 'mandates', found 'deeply-embedded', within the scope, and purview, of Va. Code sections 19.2-74, and 46.2-936!

4. 'Transfer-of-Venue', would not be 'feasible', at-this-time, because of the "Order", of the Eastern District of Virginia Federal Court, dated 9 May 03, the Honorable Judge Henry E. Hudson, presiding, seeing that, the order 'Restricts' the instant Plaintiff, to just 'One' case, at-a-time, to be 'Active', before that Court!(See previously filed "Order"). Plaintiff 'currently' is asking that Court to 'Review', and 'Accept', that 'One' case, for 'adjudication', which, is, within the 'jurisdiction', of that Court, which 'option', was granted, to Plaintiff, by the Honorable Judge Hudson, on 9 May 03!(See attached "…Response, Opposing 'Removal-Action', and , 'Motion to Dismiss'…")!

5. The "Hypocrisy", of the Defendants' legal-stance, is easily-transparent! On-the-one-hand, Defendant is 'moving' this Great Federal Court, to either 'Dismiss"

3.

the instant matter, or, to <u>'Transfer-Venue'</u>, arguing that, the case is already before the Henrico Circuit Court system; while, <u>on-the-other-hand</u>, Defendants' have initiated a "<u>Removal-Action</u>", of that <u>same</u> Henrico County Circuit Court case, to the <u>'Federal'</u> Eastern District of Virginia Court system, at Richmond, Virginia! Both, the instant Plaintiff, and, this <u>Great</u> Court, can easily "<u>…smell, what your Defendants', are cooking…</u>"!(See attached <u>'Notice-Of-Removal'</u>).

6. <u>Candidly-speaking</u>, Plaintiff is indeed, '<u>…of-the-opinion…</u>', that , it is '<u>…entirely-possible…</u>', that , counsel, for the Defense, Annie Kim, has a few "<u>Red-Neck</u>" friends, working, <u>on-her-behalf</u>, in Richmond, which 'fact', <u>if</u> 'true', would cause her, to become 'reluctant', to appear, before this <u>Great</u> Court, against the instant Plaintiff, and , '<u>…on-a-level-playing-field…</u>'!

7. The "<u>Exceptional-Circumstances</u>", presented in section #4, of the instant document, <u>require</u> that this <u>Great</u> Court '<u>maintain</u>' the instant action, '<u>in-the-interest-of-justice</u>', seeing that the instant matter, is indeed, a case of "<u>David verses Goliath</u>", with the instant Plaintiff, in-the-role-of <u>'David'</u>!

8. Seeing that the instant, 'Pro-Se' Plaintiff is at a <u>great</u> <u>'disadvantage'</u>, in the instant matter, the "<u>Furtherance-</u>

4.

Of-Justice" mandates, found 'deeply-embedded', with the 'prime-directives', of 28 U.S.C. / 1406(a), suggests that this Great Court should 'preserve' Plaintiff's only chance, to seek justice, in the case, at-bar!(See Goldlawr, Inc. v. Heiman, 369 U.S., at 463, and 466(1962), as well as, Neubrech v. American Nat'l Red Cross, #04-0995, 2005 U.S. Dist., at Lexis, #5(D.D.C., March 2, 2005)!

9. Furthermore, this Great Court has 'jurisdiction', under 28 U.S.C. / 1343, for '…Civil-Action, to Redress Deprivation, under Color-Of-Law, of Equal Rights…'! (See Lynch v. Household Finance Corporation, Conn., 1972, at 92 S. Ct., at 1113, and, on-remand, at 360 F. Supp., at 720)! Plaintiff herein 'relies-upon' "1343"!

10. The 'primary-factor', that this Great Court should consider is, that, the Plaintiff has already chosen where he wants to adjudicate the instant matter!

11. The Plaintiff's "Choice-Of-Forum" is a 'Paramount Consideration', and, should not be 'Lightly-Disturbed'! (See Waste Distillation Technology v. Pan America Res., at 775 F. Supp., at 759, and 762(D. Del., 1991), Young v. Armstrong World Industries, Inc., at 601 F. Supp., at 399, and 401(N.D., Tex., 1984), as well as, Time, Inc. v. Manning, at 366 F.2d., at 698, and, Triple v. MPL Communications, Inc., at 629 F. Supp., at 1526)!

5.

12. And, unless Defendants make an 'affirmative-showing-of-oppressiveness', Plaintiff's "Choice-Of-Forum", should **not** be disturbed! Indeed, the Plaintiff's "Choice-Of-Forum" should be given 'great-deference', unless, the 'facts', of the instant case, at-bar, 'clearly-militate', for-trial, in an 'alternative-forum'!(See Emrick v. Calcasieu Kennel Club, Inc., at 800 F. Supp., at 482(E.D., Tex., 1992))!

13. Again, Plaintiff's "Choice-Of-Forum" should 'rarely' be disturbed, **unless**, a 'specific-hardship', greater-than, 'mere-inconvenience', is present!. Your instant Defendants have demonstrated **no-such** claim, in the instant matter, to-date!

14. Wherefore, Plaintiff moves this Great Court, and, for **all**, of the foregoing reasons, stated-above, to 'deny' 'Motion-To-Dismiss', and, '...in-the-interest-of-the-furtherance-of-justice...', for a "Vietnam-Veteran", and, "Former U.S. Marine" !!!

Sincerely Submitted By,
*Charles D. Burrell*
Charles Davis Burrell,
1220 L. Street, NW, Suite #193,
Washington, D.C. 20005-4018.
(804)-484-4532(Cell).

6.

## Certificate of Service

I do hereby **'certify'**, that, a **'true-copy'**, of the foregoing-document, was mailed, via first-class U.S. mail, to Counsel for the Defense, Ms. Annie Kim, at, P.O. Box 27032, Richmond, Virginia 23273-7032, on this 2**6**th day of May, 2007.

*Charles D. Burrell*
Charles Davis Burrell

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHARLES DAVIS BURRELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: *LL07-815* |
| | ) |
| COUNTY OF HENRICO, VIRGINIA | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER T. M. ALPHIN, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants County of Henrico, Virginia ("Henrico") and Officer T. M. Alphin ("Officer Alphin"), by counsel, and pursuant to 28 U.S.C. §§1441 and 1446 and Fed. R. Civ. P. 81(c), hereby file this Notice of Removal, stating in support the following:

1. On March 20, 2007 Plaintiff filed his Complaint against the defendants in the Circuit Court for Henrico County, asserting the following:

   a) The deprivation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983. (Complaint, ¶¶ 13, 15(A) & (F); Law and Argument ¶ 2; Conclusion ¶¶ 1 and 7).

   b) The deprivation of his rights under Article I, Section 11 of the Virginia Constitution. (Complaint, ¶ 15(F); Law and Argument ¶ 2; Conclusion ¶¶ 1 and 7).

   c) A prayer for relief citing various theories under Virginia law, including "Severe-Emotional Distress," "Gross Negligence," "Wanton-Malice," and "Reckless-

4/23/07
RECEIVED & FILED IN OFFICE
By *Mary E Jones*
Clerk, Henrico Circuit Court

Abandonment."

2. The defendants were served with the Complaint on March 22, 2007.

3. This Court has original, federal question jurisdiction over Plaintiff's 42 U.S.C. §1983 claim pursuant to 28 U.S.C. §1331.

4. Supplemental jurisdiction may be exercised over any Virginia law claims that have been asserted in this action pursuant to 28 U.S.C. §1367(a). Plaintiff's allegations all arise from a traffic stop conducted by Officer Alphin on March 21, 2005. Judicial economy requires that any Virginia claims be adjudicated with the federal claims, given the identity of facts underlying both.

5. Venue is proper in the Eastern District of Virginia, Richmond Division, given that it encompasses the County of Henrico, the jurisdiction in which the action is pending.

6. A copy of this Notice of Removal is being filed today with the Clerk of the Circuit Court for Henrico County. A copy of the Complaint, which is the only pleading or process that has been served upon the defendants, is being filed today with the Clerk of this Court.

WHEREFORE, Defendants County of Henrico, Virginia and Officer T. M. Alphin respectfully request that this action in its entirety be removed to the United States District Court for the Eastern District of Virginia, Richmond Division.

                                            COUNTY OF HENRICO, VIRGINIA and
                                            POLICE OFFICER T. M. ALPHIN

By: *Annie K.*
                                      Annie Kim, Assistant County Attorney

Joseph P. Rapisarda, Jr. (VSB #14836)
   County Attorney
Annie Kim (VSB #44243)
W. David Kazzie (VSB #44222)
   Assistant County Attorneys
County of Henrico
P. O. Box 27032
Richmond, Virginia 23273-7032
Telephone:   (804) 501-4342
Facsimile:   (804) 501-4140

Counsel for the Defendants

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of April, 2007, I caused a true copy of this Notice of Removal to be sent by first-class mail, postage prepaid, to Charles Davis Burrell, Plaintiff *pro se*, at 1220 L. Street, N.W., Suite 100-484, Washington, D.C. 20005-4018 and P.O. Box 75, South Boston, Virginia, 24592.

                                                           */s/ Annie K.*
                                                               Counsel

# In The United States District Court, For The Eastern District of Virginia, Richmond Division

Charles Davis Burrell, Plaintiff,

v.

(1) County of Henrico, Virginia,
(2) Police Officer T.M. Alphin, Defendants.

                              Civil Action #3:07CV235

## 'Response', Opposing The Defendants' "Removal-Action", and, "Motion to Dismiss", Pursuant to Rule 12(b)(6).

    Comes now Charles Davis Burrell, and herein propounds his **'Response'**, and states, as follows:

## I. Plaintiff/Petitioner herein "Envokes" terms, of this Great Court's 9 May 03 "Order":

1. Petitioner requests '...<u>Prior-Review and Approval</u>...' by this <u>Great</u> Court, and '...<u>Leave-To-File</u>...' the attached <u>'Complaint'</u>, in-accordance with the District Court's <u>"Order"</u>, of 9 May 03, the Honorable Judge Henry E. Hudson, presiding.

2.

2. Petitioner 'certifies', that, this is a 'new' claim, "...never before raised, and disposed-of, on the merits, by this court..."!

3. This claim is not "...frivolous, malicious, or, taken-in-bad-faith..."!

4. In-accordance with "Order", of 9 May 03, this Petitioner can only maintain 'one-action', at-a-time, before this Great Court!

5. Therefore, in-order to 'expedite' the consideration, of the attached 'Complaint', Petitioner herein moves the Court to "Reject" the "Removal-Action", and "Motion to Dismiss", in the instant matter, which case is currently, at-bar, in the Henrico County Circuit Court System!

6. Petitioner recognizes that the 'terms', of the instant 'injunction', are 'prospective', in-nature!

7. Therefore, since Plaintiff has been given the 'Option', of which (one) case he can maintain, before this Great Court, Plaintiff herein chooses to maintain his 'prospective-new-claim', and not to allow 'Removal', of his Henrico Circuit Court case, to this Great Court, at-this-time! Petitioner now 'Stringently-Exercises' his 'Option', granted to him, by the 9 May 03 "Order", of the Honorable Judge Henry E. Hudson!

3.

## II. Brief-In-Opposition, to Defendants' "Removal-Action", and "Motion to Dismiss":

8. Plaintiff <u>has</u> stated a claim, against the Defendants', under 42 U.S.C/1983, or, in the alternative, moves this <u>Great</u> Court, for <u>'Leave-to-amend'</u> the instant matter!

9. Since Officer Alphin violated <u>'clearly-established'</u> "Civil-Rights-Laws", he is <u>not</u> protected, by 'Qualified-Immunity'!

10. Plaintiff <u>has</u> indeed Alleged that Officer Alphin <u>violated</u> Plaintiff's rights, under the <u>Second</u>, <u>Fourth</u>, and <u>Fourteenth Amendments</u>, or, in the alternative, moves this <u>Great</u> Court for 'Leave-to-Amend' the case-at-bar!

11. Officer Alphin's <u>'Detention'</u> of Plaintiff, was <u>not</u> <u>'Objectively-Reasonable'</u>, in the instant matter!(See Va. Code Section 19.2-74, and 46.2-936)!

12. The <u>'Search and Seizure'</u>, of Plaintiff's gun, was <u>not</u> <u>'Objectively-Reasonable'</u>, in the instant matter!

13. Plaintiff <u>'Due-Process Rights'</u>, under <u>Article I, Section 11</u>, were <u>'violated'</u>, by Officer Alphin!

14. Plaintiff/Petitioner <u>reserves</u> the right to file <u>further</u> <u>'Memorandum-of-Law'</u>, in support, of his legal-positions, in the instant case, at-bar, should this <u>Great</u> Court grant the

4.

**"Removal-Action"!**

15. However, this **"Removal-Action"** should be **'Rejected'**, because of the fact that the <u>same</u> case is already <u>'at-bar'</u>, in another <u>Federal Court</u>, which indeed has <u>'Subject Matter Jurisdiction'</u>, over the <u>'facts'</u>, of the case!

**III. Plaintiff's Choice of Forum:**

16. The <u>'primary-factor'</u>, that this <u>Great</u> Court <u>should</u> consider is, that, the Plaintiff <u>already</u> has <u>chosen</u> where he wants to adjudicate the instant matter!

17. Plaintiff's <u>'Choice of Forum'</u>, is a <u>'Paramount-Consideration'</u>, and, should <u>not</u> be <u>'lightly-disturbed'</u>!(See <u>Waste Distillation Technology v. Pan America Res.</u>, at 775 F. Supp., at 759, and 762(D. Del. 1991), <u>Young v. Armstrong World Industries, Inc.</u>, at 601 F. Supp., at 399, and 401(N.D. Tex., 1984), as well as <u>Time, Inc. v. Manning</u>, at 366 F. 2d., at 698, and <u>Triple v. MPL Communications, Inc.</u>, at 629 F. Supp., at 1526)!

18. And, unless Defendants make an <u>'affirmative-showing-of-oppressiveness'</u>, Plaintiff's <u>'Choice-of Forum'</u>, should <u>not</u> be disturbed! Indeed, the Plaintiff's <u>'Choice-of-Forum'</u> should be given <u>'great-deference'</u>, unless the <u>'facts'</u>, of the case, <u>'clearly-militate'</u>, for-trial, in an <u>'alternative-forum'</u>!(See <u>Emrick v. Calcasieu Kennel Club, Inc.</u>, at 800 F. Supp., at 482(E.D. Tex., 1992).

5.

19. The Plaintiff 'choice-of-forum' should 'rarely' be disturbed, unless a 'specific-hardship', greater than 'mere-inconvenience', is present! Defendants have made no such claim, in the instant case!

20. Therefore, Plaintiff, for the foregoing-reasons, stated-above, moves this Great Court, to "Reject" Defendants' "Removal-Action", and "Motion-to-Dismiss", and, in the interest-of-the-furtherance-of-justice!!!

21. Plaintiff herein 'certifies, under penalty of perjury', that he believes the above 'affirmations', to be 'correct and true'!

Sincerely Submitted By,

*/s/ Charles D. Burrell*

Charles Davis Burrell,
1220 L. Street, N.W., Suite #193
Washington, D.C. 20005-4018,
(804)-484-4532(Cell).

**Certificate of Service**

I do hereby 'certify', that, a true-copy, of the foregoing document, was mailed, via 'first-class', or 'certified-mail', to counsel for the Defendants, Ms. Annie Kim, to P.O. Box 27032, Richmond, Va. 23273-7032, on this 19th day of May, 2007.

*/s/ Burrell*
_____
Charles Davis Burrell