UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
CHARLES DAVID BURRELL,              )
                                                            )
            Plaintiff,                             )
                                                            )
            v.                                        )        Civil Action No.  07-0563 (PLF)
                                                            )
COUNTY OF HENRICO, VA, et al.,     )
                                                            )
            Defendants.                         )
_____)


MEMORANDUM OPINION AND ORDER

            This matter is before the Court on defendants' motion to dismiss for improper

venue, or, in the alternative, to transfer to the United States District Court for the Eastern District

of Virginia.  Plaintiff, proceeding *pro se*, claims that defendants, the County of Henrico, Virginia

and officer T.M. Alphin, an Henrico County police officer, violated his rights under various

sections of the United States Constitution, the Virginia Constitution and the Virginia Code as

well as causing him "great humiliation" and a "loss of reputation in his community."  Complaint

¶ 14 (internal quotations omitted).  Without examining the merits of the plaintiff's claims, this

Court concludes that venue is improper and will transfer this case to the United States District

Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).


I. BACKGROUND

            On March 21, 2005, in Henrico County, Virginia, defendant T.M. Alphin, an

Henrico county police officer, pulled over plaintiff Charles David Burrell for driving with an

expired inspection sticker.  See Complaint ¶¶ 1-13.  After a check of plaintiff's license and

registration, officer Alphin asked the plaintiff whether he had a gun in his car.  See id. ¶ 8.  The

plaintiff said he did.  See id. ¶ 9.  Officer Alphin then ordered the plaintiff to stand on the

sidewalk while he searched for the plaintiff's gun.  See id. ¶ 10.  The plaintiff refused to consent

to the search.  See id. ¶ 11.  The officer nevertheless proceeded to search the car.  After finding

the gun beneath a seat in the plaintiff's car, officer Alphin kept the firearm while he wrote the

plaintiff a traffic summons for his expired inspection sticker.  See id. ¶¶ 12-13.  After the officer

wrote the summons, he returned the gun to the plaintiff.  See id. ¶ 13.

        Plaintiff alleges that the defendants' actions violated his rights under the Second,

Fourth and Fourteenth Amendments, the Virginia Constitution, and the Virginia Code, and that

they caused him "great humiliation" and a "loss of reputation in his community."  Complaint

¶ 14 (internal quotations omitted).  Even though all of the actions alleged in the complaint

occurred in Henrico County, Virginia and both defendants reside in Henrico County, Virginia,

plaintiff has filed suit in this Court.

## II.  DISCUSSION

        In a civil action where the Court's jurisdiction is not based solely on diversity of

citizenship, as in this case, venue is proper in "(1) a judicial district where any defendant resides,

if all defendants reside in the same State, (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought."  28

U.S.C. § 1391(b).  In this case, all of the defendants reside in the Eastern District of Virginia; all

of the events or omissions giving rise to plaintiff's claims occurred in the Eastern District of

Virginia; and there is a judicial district in which this action properly may be brought: the Eastern District of Virginia.  Venue therefore is not proper in this Court.

Defendants have moved to dismiss the complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Alternatively, they request that the case be transferred to the Eastern District of Virginia.  28 U.S.C. § 1406(a) states that in a case of improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Supreme Court made clear in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962), that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue . . . ."  Therefore, it is ordinarily the better practice to transfer the case rather than to dismiss it.  See, e.g., Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994).  The Court concludes that the "interest of justice" is served by transferring rather than dismissing this case. The Court therefore will transfer this case to the United States District Court for the Eastern District of Virginia.  Accordingly, it is hereby

ORDERED that defendants' Motion to Dismiss, or, in the alternative, to Transfer Venue [3] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that this action shall be TRANSFERRED to the United States District Court for the Eastern District of Virginia; it is

FURTHER ORDERED that the Clerk of the Court shall transfer all papers in this proceeding, together with a certified copy of this Order, to the United States District Court for the Eastern District of Virginia; and it is

3

FURTHER ORDERED that this case is dismissed from the docket of this Court.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 27, 2007